IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG ~~COLUMBIA~~ DIVISION

| | |
|---|---|
| Lawrence Roel, ) | |
| ) | |
| Plaintiff, ) | C/A NO.: |
| ) | |
| vs. ) | |
| ) | **COMPLAINT** |
| HSBC Mortgage Corporation, ) | |
| ) | (Jury Trial Demanded |
| Defendant. ) | |
| ) | |

Plaintiff Lawrence Roel, individually and pursuant to Rule 23, FRCP, for the benefit of all persons in South Carolina, who in the past three years from the date of filing this Complaint the Defendant failed to timely enter satisfaction of their mortgages in compliance with S.C. Code Ann. §29-3-310 and 29-3-320, complain of Defendant HSBC Mortgage Corporation as follows:

## PARTIES

1.     Plaintiff Lawrence Roel is a citizen and resident of Spartanburg County, South Carolina.

2.     Defendant HSBC Mortgage Corporation is a Corporation organized and existing under the laws of the State of Delaware.  Upon information and belief its headquarters in New York County/New York City/New York State.  This entity may be served with process at 95 Washington Street, Buffalo, NY 14203 and via its registered agent, CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

## JURISDICTION

3.     This Court has personal jurisdiction and venue is proper in this district by virtue of, among other things, the fact that a substantial part of the events giving rise to this Complaint occurred in this District.

1

4.    This Court has original jurisdiction over this action because the matter in controversy exceeds the sum or value of $5,000,000, this is a class action, and members of the class of plaintiffs are citizens of states different from the Defendant. *See* 28 U.S.C. § 1332(d)(2).

### FACTS

5.    This case arises from the failure of the Defendant HSBC Mortgage Corporation to comply with South Carolina Code Ann. § 29-3-310.

6.     This statute provides important protections for those owning property in South Carolina and provides:

> **SECTION 29-3-310. Request for entry of satisfaction.**
>
> Any holder of record of a mortgage who has received full payment or satisfaction or to whom a legal tender has been made of his debts, damages, costs, and charges secured by mortgage of real estate shall, at the request by certified mail or other form of delivery with a proof of delivery of the mortgagor or of his legal representative or any other person being a creditor of the debtor or a purchaser under him or having an interest in any estate bound by the mortgage and on tender of the fees of office for entering satisfaction, within three months after the certified mail, or other form of delivery, with a proof of delivery, request is made, enter satisfaction in the proper office on the mortgage which shall forever thereafter discharge and satisfy the mortgage.

7.    At a time prior to November 29, 2017, Plaintiff paid off mortgages held by Defendant and, upon information and belief, this pay off included the fee for the office for entering satisfaction or the Defendant collected that amount at an earlier time.

8.    On November 29, 2017, an attorney on Plaintiff's behalf wrote Defendant and requested that Defendant send the satisfactions to him. This letter is a request covered by S.C. Code Ann. § 29-3-310. Defendant acknowledged receipt of said letter and responded on December 12, 2017 with a directive for the attorney to contact their appropriate department via email.

2

9.    On December 19, 2017, an attorney on Plaintiff's behalf accordingly sent an email to Defendant and again requested the satisfactions. Defendant again acknowledged receipt of this email.

10.   Defendant failed to satisfy the mortgages within three months as required by S.C. Code Ann. §29-3-310.  Thus, Plaintiff is owed the statutory penalty and attorney's fees as set forth in S.C. Code Ann. §29-3-320 which provides:

> **SECTION 29-3-320. Liability for failure to enter satisfaction**.
>
> Any holder of record of a mortgage having received such payment, satisfaction, or tender as aforesaid who shall not, by himself or his attorney, within three months after such certified mail, or other form of delivery, with a proof of delivery, request and tender of fees of office, repair to the proper office and enter satisfaction as aforesaid shall forfeit and pay to the person aggrieved a sum of money not exceeding one-half of the amount of the debt secured by the mortgage, or twenty-five thousand dollars, whichever is less, plus actual damages, costs, and attorney's fees in the discretion of the court, to be recovered by action in any court of competent jurisdiction within the State. And on judgment being rendered for the plaintiff in any such action, the presiding judge shall order satisfaction to be entered on the judgment or mortgage aforesaid by the clerk, register, or other proper officer whose duty it shall be, on receiving such order, to record it and to enter satisfaction accordingly.

11.   Defendants conduct is widespread, and, upon information and belief, Defendant has failed to send satisfactions for hundreds of class members within the required three month time period. Thus, like Plaintiff, all class members are owed the statutory penalty and attorney's fees under S.C. Code Ann. § 29-3-320.

12.   Upon information and belief, Defendant is in possession of written requests (whether sent via mail or email) from all class members and records reflecting when the satisfactions were recorded.  Thus, Defendant has documents in its possession identifying all class members.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons in South Carolina, whom the Defendant failed to timely enter satisfaction of their mortgages in compliance with S.C. Code Ann. §29-3-310 ("the class") in the past three years from the date of filing this Complaint. Excluded from this class are the Defendants, any entity in which a Defendant has or had a controlling interest, and their legal representatives, agents, affiliates, heirs and successors and interest or assigns of any such excluded party.

14. Members of the class are so numerous that joinder of all members is impracticable. The disposition of the members' claims in a class action will provide substantial benefits to the parties and to the Court.

15. Plaintiff's claims are typical of the claims of the class. Plaintiff and all members of the class are all owed statutory damages and attorneys' fees as a result of the Defendant's misconduct.

16. Plaintiff will fairly and adequately protect the interests of the class and has retained competent counsel with significant class action representation. Plaintiff has no interest that is contrary to, or in conflict with, those of the class that Plaintiff seeks to represent in this action.

17. A class action is superior to all other available methods for the fair and efficient resolution of this controversy because the damages suffered by individual class members may be relatively small whereas the expense and burden of individual litigation would make it difficult for the members of the class to individually address the wrongful acts of Defendants. There will be no difficulty in the management of this class action. There is a well-defined community of interest in the questions of law and fact relevant to this dispute, and those questions predominate over any questions that may only affect individual class members.

# CAUSE OF ACTION

Count 1 Violation of Statute

18. The allegations set forth in the paragraphs above are incorporated herein as if set forth verbatim.

19. For all class members, Defendant failed to comply with the following statute:

> **SECTION 29-3-310. Request for entry of satisfaction.**
>
> Any holder of record of a mortgage who has received full payment or satisfaction or to whom a legal tender has been made of his debts, damages, costs, and charges secured by mortgage of real estate shall, at the request by certified mail or other form of delivery with a proof of delivery of the mortgagor or of his legal representative or any other person being a creditor of the debtor or a purchaser under him or having an interest in any estate bound by the mortgage and on tender of the fees of office for entering satisfaction, within three months after the certified mail, or other form of delivery, with a proof of delivery, request is made, enter satisfaction in the proper office on the mortgage which shall forever thereafter discharge and satisfy the mortgage.

20. Defendant violated the above statute by failing to timely enter satisfactions for Plaintiff's and all class members' mortgages within three months after receiving requests covered by S.C. Code Ann. 29-3-320.

21. As a result of these violations of statute, Plaintiff and all class members are owed statutory penalties and attorney's fees.

WHEREFORE, Plaintiff individually and on behalf of all class members pray as follows:

    a.    that the Court award statutory penalties to Plaintiff and all class members;
    b.    that the Court award attorney's fees;
    c.    that court costs and prejudgment interest be awarded to Plaintiffs and all class members as allowed by law;
    d.    that the Plaintiff and all class members receives all relief to which they are entitled.

RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, L.L.C.

By: s/ *Brady R. Thomas*
Brady R. Thomas (Fed ID 9623)
E-Mail: bthomas@rpwb.com
Matthew A. Nickles (Fed ID 11001)
E-Mail: mnickles@rpwb.com
2700 Middleburg Drive, Suite 220
Columbia, SC 29204
Telephone No.: (803) 541-7850
Facsimile No.: (803) 541-9625

A BUSINESS LAW FIRM, LLC
Thomas A. Belenchia (Fed ID 6192)
tab@abizlaw.com
Chelsea R. Rikard (Fed ID 12232)
crr@abizlaw.com
P.O. Box 3421
Spartanburg, SC 29304
T: (864) 699-9801
F: (864) 949-5251

**ATTORNEYS FOR THE PLAINTIFF**

Dated: July 19, 2018